## ENFORCEMENT OF UNIFORM RESTRICTIONS ON LOT OWNERS.

Circuit Court of Summit County.

HANNAH CARMICHAEL v. PHILANDER D. HALL ET AL.

Decided, January, 1909.

*Uniform Restrictions as to Lots in an Allotment—Enforcement of Same Against Alloters—Injunction.*

The rights of a purchaser of a lot in an allotment as to which the owners have adopted a uniform scheme of restrictions and limitations, made binding upon her by covenant in her deed, but not therein expressly covenanted to be binding upon the allotment owners, to compel said owners to impose similar restrictions upon all lots sold by them does not rest in contract, nor consist of an estate or easement in other lots, but flows from the inequity of allowing the abandonment of a uniform scheme of restrictions after the owners of the allotment have sold part of the lots on the faith of its enforcement as held out by them to the particular purchaser or the public at large.

HENRY, J.; WINCH, J.. and MARVIN, J., concur.

Judgment below was entered upon demurrer sustained to the petition. The action was brought by the purchaser of the first lot sold in the defendants' park allotment, to enjoin them from violating their uniform scheme of restrictions and limitations

applying to said allotment as held out to plaintiff and made binding upon her by covenant in her deed at the time of her purchase, but not therein expressly covenanted to be binding also upon the defendants. The demurrer is founded upon the assumption that a writing is necessary to create in the grantee under such circumstances a reciprocal right, because such right is an interest or easement in the land under the statute of frauds. The truth is that plaintiff's right need not rest in contract nor consist of an estate or easement in the remainder of the allotment. Her rights flow rather from the inequity of allowing the abandonment of a uniform scheme of restrictions after the owners of an allotment have sold part of the lots on the faith of its enforcement as held out by them to the particular purchasers or the public at large. And even if such an equity in the grantee be regarded as an equitable estate in the allotment there is nothing in our statute of frauds requiring it to be evidenced by a writing. We have more than once enjoined violations by allotment owners of their uniform schemes of restrictions under just these circumstances.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer to the petition.